IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL DON POGUE, §<br>#1932517 §<br>§<br>　　Petitioner, §<br>§<br>v. §<br>§<br>DIRECTOR TDCJ-CID, §<br>§<br>　　Respondent. § | No. 3:20-cv-00175-L-BT |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Michael Don Pogue, a Texas prisoner, has filed a *pro se* "Motion To Alter Or Amend Judgment" (ECF No. 27). The District Court referred the motion to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the reasons stated, the motion should be construed as a second or successive petition for a writ of habeas corpus under 28 U.S.C. § 2254 and TRANSFERRED to the Fifth Circuit Court of Appeals.

I.

Pogue filed this habeas action under 28 U.S.C. § 2254. (ECF No. 3) The undersigned magistrate judge issued findings and conclusions, recommending that his petition be dismissed with prejudice. (ECF No. 22.) Pogue sought additional time to file objections, but he did not file any. On September 14, 2022, the District Court accepted the magistrate judge's

1

findings and recommendation, denied a certificate of appealability, and entered judgment. Ord. (ECF No. 25); J. (ECF No. 26). Thereafter, Pogue filed the pending motion. (ECF No. 27.) Pogue appears to seek reconsideration of the Court's decision denying him habeas relief, and in support, he restates many of the arguments raised in his initial § 2254 petition.

II.

A motion seeking reconsideration of a prior ruling is evaluated either as a motion under Rule 59(e) or under Rule 60(b). *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). The rule under which a motion is considered is determined when the motion is filed. *Id.* If the motion is filed within twenty-eight days after the entry of judgment, the motion is treated as though it was filed under Rule 59, and if it was filed beyond that time period, it is analyzed under Rule 60. *Id.*

Under the prison mailbox rule, a prisoner's *pro se* filing is deemed filed when it is delivered to prison authorities for mailing to the court's clerk. *Houston v. Lack*, 487 U.S. 266 (1988); *Medley v. Thaler*, 660 F.3d 833, 840 (5th Cir. 2011). Here, Pogue states in his motion that he placed it in the prison mail system on September 24, 2022, but his motion was not received by the Court until November 4, 2022. Mot. 1, 8 (ECF No. 27). And to be entitled to the benefit of the prison mailbox rule, a prisoner must do "all that he or she can reasonably do to ensure that documents are received by the clerk of court

2

in a timely manner." *Thompson v. Rasberry*, 993 F.2d 513, 515 (5th Cir. 1993). Considering the delay between Pogue's purported delivery of the pending motion to prison officials for mailing, its delayed receipt by the Court, and the fact there is no indication that Pogue did all he could do to ensure his motion was received by the clerk of court "in a timely manner," the Court considers the motion under Rule 60(b).

When a motion for relief from judgment seeks to advance one or more substantive habeas claims or attacks a federal court's previous resolution of a claim *on the merits*, it is a second or successive petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 530-33 (2005) (concluding that a true Rule 60(b) motion challenges: (1) a procedural ruling, or (2) a defect in the integrity of the federal habeas proceeding, provided that such challenge does not itself lead inextricably to a merits-based attack); *see also Gilkers v. Vannoy*, 904 F.3d 336, 344 (5th Cir. 2018); *Ruiz v. Quarterman*, 504 F.3d 523, 526 (5th Cir. 2007). A motion that challenges the court's failure to reach the merits of the habeas petition is properly evaluated under Rule 60(b). *See Gonzalez*, 545 U.S. at 538. To the extent that the petitioner challenges the integrity of the habeas proceeding, the motion is not the equivalent of a successive petition, and the court can therefore review the claims under Rule 60(b). *Id.* at 532 & n.4; *see also Garrison v. United States*, 2021 WL 4265767, at *1 (N.D. Tex. Sept. 20, 2021). Likewise, when a motion challenges "not the substance of the federal court's resolution of a claim on the merits, but some defect in the

3

integrity of the federal habeas proceedings," it is a Rule 60(b) motion. *Storey v. Lumpkin*, 8 F.4th 382, 388 (5th Cir. 2021) (quoting *In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014)).

Here, Pogue states his intent is to raise "some, but not all, of the grounds in his original petition." Mot. 1 (ECF No. 27). All but one of the claims he now restates is based on ineffective assistance of counsel. For example, Pogue argues his trial attorney, William G. Mason, provided ineffective assistance of counsel when he failed to call Donna Pogue, his mother and an eyewitness, as witness at his trial. *Id.* at 1-2. Pogue further argues Mason's failure to call Donna Pogue prejudiced him. *Id.* (citing *Anderson v. Johnson*, 338 F.3d 383, 391-92 (5th Cir. 2003)). Pogue raised this issue in his original petition. *See* Pet. 7 (ECF No. 3). And the magistrate judge addressed the issue in her Findings, Conclusions, and Recommendation. FCR 24-27 (ECF No. 22). Specifically, the magistrate judge found Mason made a strategic decision not to call Donna Pogue as a witness during the guilt/innocence phase of the trial. *Id.* at 26. The magistrate judge further found Pogue failed to show that Mason provided deficient performance under *Strickland v. Washington*, 466 U.S. 668, 688 (1984). *Id.* at 27 (citing *Amos v. Scott*, 61 F.3d 333, 348 (5th Cir. 1995) ("[A] court need not address both prongs of the conjunctive *Strickland* standard, but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test.")). The magistrate judge addressed the claim on the merits and recommended it be denied. *Id.* (citing

4

*Knowles v. Mirzayance,* 556 U.S. 111, 123 (2009)). The District Court accepted the magistrate judge's findings and recommendation. Because Pogue attacks the Court's prior resolution of several ineffective assistance of counsel claims that were addressed on the merits, his motion should be construed as second or successive petition. *See Gonzalez,* 545 U.S. at 530-33.

A state prisoner is entitled to one opportunity to bring a federal habeas challenge to their conviction. *See Magwood v. Patterson,* 561 U.S. 320, 333-34 (2010); *see also Welch v. Lumpkin,* 2021 WL 6205503, at *2 (N.D. Tex. Nov. 19, 2021), *rec. adopted* 2022 WL 19687 (N.D. Jan. 3, 2022). After that, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limits the circumstances under which a state prisoner may file a second or successive petition under § 2254. AEDPA, Publ. L. 104-132, 110 Stat. 1214 (1996); *see also Garrett v. Director, TDCJ-CID,* 2021 WL 6065962, at *1 (N.D. Tex. Nov. 8, 2021), *rec. adopted* 2021 WL 6063113 (N.D. Tex. Dec. 20, 2021). A claim presented in a second or successive § 2254 petition that was not presented in a prior petition should be dismissed unless the petitioner can present: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *See* 28 U.S.C. §

2244(b)(2). Before a petitioner files his second or successive petition in this Court, a three-judge panel of the Fifth Circuit must find that he has made the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B) (stating that before filing a second or successive petition, a petitioner must receive authorization from the court of appeals).

The Fifth Circuit has not issued an order authorizing this Court to consider Pogue's second or successive petition, and he must obtain such authorization before filing this second or successive § 2254 petition. *See Leal Garcia v. Quarterman*, 573 F.3d 214, 220 (5th Cir. 2009) (stating that the AEDPA serves as a "gate-keeper by preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction")).

## Conclusion

The Court should construe Pogue's motion (ECF No. 27) as a second or successive petition for a writ of habeas corpus under 28 U.S.C. § 2254 and TRANSFER it to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed February 24, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

6

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. See *Thomas v. Arn,* 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).