IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MICHAEL DON POGUE,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:20-CV-175-L-BT** |
| | § | |
| **DIRECTOR, TDCJ-CID,** | § | |
| | § | |
| Respondent. | § | |

# **ORDER**

Before the court is Petitioner's Motion to Alter or Amend the Judgment Pursuant to Fed. R. Civ. P. 59(e) ("Motion" or "Rule 59(e) Motion"), received on November 4, 2022. Also before the court is the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 28) that was entered on February 24, 2023, to which Petitioner objected. For the reasons that follow, the court **sustains** Petitioner's objection (Doc. 29), to the extent he contends that his Motion is governed by Federal Rule of Civil Procedure 59(e), and **rejects** the Report (Doc. 28), but it **denies** Petitioner's Rule 59(e) Motion (Doc. 27).

The magistrate judge recommends that the court construe Petitioner's Motion as one filed under Federal Rule of Civil Procedure 60(b), rather than Rule 59(e), because it was received by the court more than 28 days after the judgment in this case was entered on September 14, 2022. The magistrate acknowledges that the mailbox rule applies, and that "Pogue states in his [M]otion that he placed it in the prison mail system on September 24, 2022." Report 2. The magistrate judge, however, determined that the Motion was governed by Rule 60(b) because it was not received until November 4, 2022, and it did not appear that Petitioner did all he could to ensure the Motion was received timely:

**Order – Page 1**

> Considering the delay between Pogue's purported delivery of the pending [M]otion to prison officials for mailing, its delayed receipt by the [c]ourt, and the fact there is no indication that Pogue did all he could do to ensure his motion was received by the clerk of court "in a timely manner," the [c]ourt considers the [M]otion under Rule 60(b).

Report 3. Because the Motion attacks the previous resolution of Petitioner's claims on the merits, the magistrate judge further recommends that the court construe the Motion as a second or successive petition, for which the court lacks jurisdiction, and transfer it to the United State Court of Appeals for the Fifth Circuit.

On March 21, 2023, Petitioner filed objections to the Report, contending that his Motion was filed on September 24, 2022, when he deposited it in the prison mail system. For this reasons, he contends that his Motion should be decided under Rule 59(e), not Rule 60(b), and requests that the judgment in this case be vacated.

Petitioner's Motion includes a declaration made under penalty of perjury that his Motion "was placed in the prison mailing on the 24th day of September, 2022." Mot. 8. The statement in Petitioner's Motion that he placed it in the prison mail system on September 24, 2022, is, therefore, supported by evidence. Consequently, under the mailbox rule, the Motion was filed within 28 days of the entry of the judgment such that Rule 59(e) applies. As Petitioner has made his declaration under penalty of perjury, he subjects himself to being prosecuted for making a false statement or perjuring himself. Further, the prison mail system in the Texas Department of Criminal Justice is often slow in processing the mail of inmates. There may be valid reasons for this, but in cases of this nature, a petitioner should receive the benefit of the doubt rather than a draconian sanction or punishment when, as here, nothing has been established that Petitioner was not diligent.

**Order – Page 2**

Thus, having considered the Motion, Report, file, and record in this case, and having conducted a de novo review of that portion of the Report to which objection was made, the court **rejects** the magistrate judge's findings and conclusions. Further, Petitioner's objection (Doc. 29) is **sustained** to the extent he contends that his Motion is governed by Rule 59(e), rather than Rule 60(b), because it was timely filed within 28 days of the entry of the judgment in this case. The court's determination that Rule 59(e), rather than Rule 60(b), applies also **moots** the magistrate judge's recommendation that the court should construe the Motion as a second or successive petition and transfer it to the Fifth Circuit for lack of jurisdiction. *See Banister v. Davis*, 140 S. Ct. 1698, 1711 (2020) ("A Rule 59(e) motion, unlike a Rule 60(b) motion, does not count as a second or successive habeas application."); *Thomas v. Lumpkin*, 995 F.3d 432, 440 (5th Cir. 2021) (citing *Banister*, and explaining that Rule 59(e) motions should not be recategorized as successive habeas petitions regardless of their contents.).

Even applying Rule 59(e), Petitioner has not established his entitlement to relief under this rule. A motion to alter or amend the judgment under Rule 59(e) "calls into question the correctness of a judgment." *Edionwe v. Bailey*, 860 F.3d 287, 294 (5th Cir. 2017) (citation omitted). Such motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Marseilles Homeowners Condominium Ass'n Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008) (citation omitted). It may not be used to relitigate issues that were resolved to the movant's dissatisfaction. *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989). A Rule 59(e) motion may not raise arguments or present evidence that could have been raised before entry of judgment. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (citation omitted). When considering a Rule 59(e) motion to reconsider, a court may not grant such a motion unless the movant establishes: "(1) the facts discovered are of such a

**Order – Page 3**

nature that they would probably change the outcome; (2) the alleged facts are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995).

Petitioner's Motion does not establish either a manifest error of law or fact, or present newly discovered evidence or an intervening change in law that would entitle him to relief under Rule 59(e). Instead, the Motion is an improper attempt to relitigate matters previously decided to his dissatisfaction. The court, therefore, **denies** his request to alter or amend the judgment under Rule 59(e).

Further, considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the

---

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

> (a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
>
> (b) Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Order – Page 4**

petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the event that a notice of appeal is filed, Petitioner must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 9th day of May, 2023.

Sam A. Lindsay
United States District Judge