IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL DON POGUE, #1932517, | § § | |
| Petitioner, | § § | |
| v. | § § | No. 3:20-cv-00175-L-BT |
| DIRECTOR, TDCJ-CID, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a motion by Michael Don Pogue to proceed *in forma pauperis* on appeal (ECF No. 32). For the following reasons, the District Court should deny Pogue's motion.

I.

To proceed *in forma pauperis* on appeal, an appellant must show financial eligibility and a nonfrivolous issue for appeal. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Under Federal Rule of Appellate Procedure 24(a)(3)(A), an appellant is ineligible for *in forma pauperis* status if the court certifies that the appeal is not taken in good faith. "Good faith" means that the issues on appeal are not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). When the underlying claims are "entirely frivolous and had no possibility of success," the appeal is not taken in good faith. *Baugh v. Taylor*, 117 F.3d 197, 201-02 (5th Cir. 1997). The determination of whether

good faith exists "is limited to whether the appeal involves legal points arguable on the merits (and therefore not frivolous)." *United States v. Moore*, 858 F. App'x 172, 172 (5th Cir. 2021) (per curiam) (quoting *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted)). A district court has discretion in deciding whether to grant or deny a request to proceed *in forma pauperis*. *Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir. 1982) (per curiam) (citing *Green v. Estelle*, 649 F.2d 298, 302 (5th Cir. 1981)).

## II.

Pogue initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 3.) Pogue raised numerous arguments, including ineffective assistance of counsel, and the undersigned magistrate judge issued findings and conclusions, recommending the petition be dismissed with prejudice. FCR (ECF No. 22). Pogue moved for additional time to file objections, a request that was granted, but he ultimately did not file any objections. On September 14, 2022, the District Court accepted the recommendation, denied a certificate of appealability (COA), and entered judgment. Ord. (ECF No. 25); J. (ECF No. 26). At that time, the District Court found Pogue failed to show that "reasonable jurists would find this Court's 'assessment of the constitutional claims debatable or wrong,'" "reasonable jurists would find 'it debatable whether the petition states a valid claim of the denial of a constitutional right,'" or "debatable whether

2

[this court] was correct in its procedural ruling." (ECF No. 25 at 2) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)).

Pogue then filed a "Motion To Alter Or Amend Judgment" (ECF No. 27), which the Court received on November 4, 2022. On February 24, 2023, the magistrate judge entered findings and conclusions, recommending the Court construe the post-judgment motion as a second or successive petition for writ of habeas corpus under § 2254 and transfer it to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). FCR (ECF No. 28). Pogue filed an objection (ECF No. 29), which the District Court sustained to the extent Pogue contended that his motion was governed by Rule 59(e), and not Rule 60(b), because it was timely filed within 28 days of the entry of judgment. (ECF No. 30.) The District Court's action mooted the recommendation to construe Pogue's motion as a second or successive petition. The District Court considered the motion under Rule 59(e) and found he had not established his entitlement to relief. That is, the District Court found Pogue's motion did not establish a manifest error of law or fact or present newly discovered evidence or an intervening change in law that would entitle him to relief under Rule 59(e). Instead, the District Court determined Pogue's motion was an improper attempt to relitigate matters previously decided to his dissatisfaction. The District Court also denied a COA. *Id*. at 4-5.

3

On May 30, 2023, Pogue filed a Notice of Appeal." (ECF No. 31.) As noted, the District Court previously denied a COA. For the same reasons, Pogue's appeal of his Rule 59(e) motion presents no legal point of arguable merit, and it would be frivolous. *See Howard*, 707 F.2d at 220.

### III.

The District Court should find Pogue's appeal is not taken in good faith and DENY his motion for leave to proceed *in forma pauperis* on appeal.

If the District Court denies Pogue's request to proceed *in forma pauperis* on appeal, he may challenge that finding by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit within 30 days from the date of this order. *See Baugh*, 117 F.3d at 202; *see also* Fed. R. App. P. 24(a)(5).

Signed July 10, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).